UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CESAR GOMEZ ROMAN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY DE ANDA YBARRA, ACTING DIRECTOR, EL PASO FIELD OFFICE ENFORCEMENT AND REMOVAL OPERATIONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; JOHN DOE #1, WARDEN, CAMP EAST MONTANA; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; DAREN K. MARGOLIN, DIRECTOR OF EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; US ICE; KRISTI NOEM, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | § | No. 3:25-CV-00524-LS |
| *Respondents*. | § | |

### ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION

Petitioner Cesar Gomez Roman filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] At the time the petition was filed, Petitioner was held at ERO El Paso Camp East Montana.[2] Petitioner states that he has been transferred to the Cibola County Correctional Center in Milan, New Mexico.[3] As

---

[1] ECF No. 1.
[2] ECF No. 1 at 3–4.
[3] ECF No. 13 at 2.

a result, Petitioner believes that this Court has lost jurisdiction over his petition and seeks to dismiss it.[4]

"[T]he general rule . . . for core habeas petitions challenging present physical confinement" is that "jurisdiction lies in only one district: the district of confinement."[5] However, "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[6]

As this Court has not lost jurisdiction over Petitioner's habeas petition, the Court will deny the motion to dismiss [ECF No. 13].

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 24, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] ECF No. 13.
[5] *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).
[6] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change.").